www.globaltellink.com  There were multiple times where the board used that form of analysis for a lot of different little groups of claims, dependent claims. Some of the times were for claims that you did not separately argue below in front of the board. Yes, you challenged the unpatentability grounds specifically for the independent claim, but then for that little group of dependent claims, you remained silent, and I assume you just stood on the patentability theory you had for the independent claim to also apply to these dependent claims. But you said nothing else separately about this little group of dependent claims. And so now I'm wondering, could there be an argument that for this little group of dependent claims, there's almost like a waiver issue for you for not having separately argued them below before the board? So even if the board said something that objectively is just way too much of a shortcut, maybe it doesn't make a difference because maybe you waive the right to have those separately considered from the independent claim. What do you have to say about that? Well, keep in mind that the burden is always on the petitioner to establish unpatentability in IPR proceedings. It's never on the patent owner. It's never our burden of persuasion to convince the PTO that it should rule in our favor, and we don't have the burden of production in this case. So we weren't required to do that. And you can't find a waiver in this case because we could have just stood on—we didn't even have to respond. We obviously did argue the independent claims, but I think a waiver would be inappropriate because we've got the patent. We don't have the burden. We shouldn't have to specifically point that out to the board in order to preserve the air. I understand your argument, your position. What about the PTO's regulations that say in these IPR proceedings where the patent owner doesn't argue the claims separately, that PTAB can understand them to rise and fall together? I still do not believe that that regulation allows the board to make shortcuts. And the board in this case did not go back and cite its prior findings with respect to the independent claims in disposing of the dependent claims. And frankly, we don't know what the board thought at all. It's just not clear from the record its reasoning. So I think a vacate and remand to get further information from the board would be at least appropriate here. But notably, there's a good reason why the board didn't include any specific reasoning for those dependent claims. And it's because the petitioner in its petition didn't have substantive arguments either. It's reflective of DTL's failure to meet its burden. Do you have an appendix cited for that? I do not offhand, but I can check that. You're well into your rebuttal time, just so you know. I did want to address one other point before I'm... Actually, I'm going to reserve the rest of my time. Thank you. Check those two items for us, okay? Thank you. May it please the court, John Wright on behalf of the ABHEL leader, GTL. So, I think I'll start with Judge Chen. Your question about what obligations the board has to explain in its final written decisions, or whether it has an obligation to address every single challenged claim in an IPR. Irrespective of the treatment that the petitioner gave below, or the nature of the claims themselves. So certainly, with respect to claims that Securus made no effort to even independently argue patentability before the board below, I don't think the board has any obligation to address those claims. Why not, if under Section 318, the board is under a statutory obligation to issue a final written decision, ruling on the patentability of the challenged claims? So, I don't think this particular page of the scheduling order made it into the appendix, but we can certainly provide it to the court. But I believe in every scheduling order, when trials instituted, the board reminds the patent owner that any arguments not made to the board are considered waived. Like any argument that's about a material fact or something like that. It says, if you don't challenge a fact asserted by the other side, then it's waived. I think something like that. It might be more general. It might be more general, but I guess the question... There's two questions. One is, does that apply to claims? And two, even if it does apply to claims, if the board elects to pass on the claims anyway, let's say there's some dependent claims, the patent owner, when you can see in its patent owner response, is clearly only basing its arguments on the independent claim, so that the dependent claims in the patent owner's mind kind of stand or fall with the independent claim. But then the board goes ahead and rules independently just on the dependent claims. Maybe the board had the option to say, there's no separate arguments on these dependent claims, so they rise and fall with the independent claim, which we find unpatentable. But the board didn't do that here. Instead, the board said, we're going to go ahead and do a separate patentability finding on these dependent claims. So in that circumstance, to the extent that there was a waiver, maybe the waiver has disappeared in the sense that the board elected to make fact findings and rulings on those dependent claims. And hypothetically, let's say they just really don't do a sufficient job of that. Then isn't there a problem, just like there would be in any other situation, where the board makes a rejection on some claims and then fails to make sufficient findings to support the rejection? So I think there you have a situation under waiver jurisprudence where any argument not made before the tribunal below that party is waived with respect to the patentability of those dependent claims. I think that would have been easily correctable by the board here. And if this court finds that the board's decision in that regard is an error, then it's a harmless error because there was no argument below. Or at least unnecessary error. An unnecessary error. And again, it would be easily correctable. And I guess the last point to round this out, or maybe two additional points, is one, for the sake of efficiency for the tribunal below, does this court want to set a standard where the board has to respond in explicit detail to every challenged claim? What's not disputable is that GTL, in its petition, made its case for why those claims are unpatentable. Actually, your adversary, I think I heard him say that there was a position made, or that those claims were addressed in a cursory way. I don't think that's the case. I think most of the petition, if not the entire petition, is in the joint appendix. And I'd be happy to address any specific dependent claim where they assert that that is the case. But they didn't make that assertion in their brief. They don't actually make any argument for why those claims are unpatentable. They're making a procedural argument. And I know full well that time and again this court has vacated and remanded PTO rejections by the board when the board failed to provide any analysis. And let's just say, for the sake of argument, that's what happened here multiple times for multiple little groups of dependent claims, where the board just said, Party X said this, Party Y said that. We find the claims unpatentable, period. I mean, I don't think there's any case where we've said, that this court has said, that that's sufficient, that's fine. So I think then it would require a close look at the board's final written decision. There are some instances, for example, with respect to the set of dependent claims that Appendix 21, or that the board lists at Appendix 21, where the board, and I'm looking specifically in Section C at the bottom of that page, where the board said, We have considered all of the patent owner's arguments, but for the reasons set forth below, we agree with the petitioner's petitions. There you have the board electing to explicitly adopt the patent owner's positions. And for the sake of efficiency, I think the board, within its discretion, should be allowed to do that. I think the final— But in that example, the board did go on, though, and then address some of the specific claims, right? The board did go on to address certain claims and then not others. So there are some groupings of claims, like, for example, since we're on the 1992 appeal, Claims 15 and 31, which are directed to the timeline. So those two claims the board did address in the 1993 appeal, it rejected the petitioner's argument that the timeline must be graphical, said the claims don't require that, and then rejected the argument. So those are addressed in the 1993 appeal. The second set, I guess, would be Claims 17 and 34. Those are two claims that were argued below that the board didn't specifically address. Those claims are directed to— What about Claims 22 through 30, for example, on 827 to 828 in the operative paragraphs? Now, you know it. It's at 828 where the board said, After consideration of the language of the claims, 22 through 30, the petition, the patent owner's response, the petitioner's reply, as well as relevant evidence, we find that one ordinary skilled lawyer would have considered these dependent claims obvious over ground in view of gained burial, period. Yeah, there you go. There the board was more careless, I think. It didn't explicitly adopt the arguments from either party. And I guess the last point I wanted to make before we leave this is, Securus is arguing that this calls for a reversal from the board. And I think Judge Chandler, right, it requires a remand so that the board perhaps can go back and clarify its reasoning or maybe explicitly adopt the reasoning of a party, which this court's decision cuts forth, I think, suggests that the board can do, although that's a non-precedential decision. But I think to the extent that the court finds that the board did adequately address any claim, then it is a remand and not a reversal of the board's decision. Can we go quickly to your opposing counsel's other procedural argument that your reply, your petitioner replied that you migrated away from your petition and the institution decision and therefore that was some kind of due process violation against the patent owner, failing to give them fair notice of what they should have been defending and shooting at? So generally the briefs are long on the law and short on actual details. I don't think there's a specific case where our reply was not responsive to and properly responsive to arguments that Securus made below. And I'm happy to address any specific argument there, but more generally, Securus never asked the board for a certain reply. It didn't ask the board for permission to move to file a motion to strike. It did not seek any relief below. And then on appeal it claims, oh, we had no idea the board was going to rely on that portion of the reply. So I think this court's decision in Belden v. Burkett at least suggests that there has to be some concrete denial from the board for their ability to respond to what is allegedly a new argument before this court can grant relief. Because I think they've generally waived any ability to claim that GTL's replies were out of scope and then complained about the board relying on that here. But even if we didn't agree with that, you maintain the position that anything in your reply was just simply being responsive to the issues that they raised? I understand that. Yeah, it was. Using the same materials from the Brown reference and things like that. And from the petition itself. And for instance, with respect to the, well, this is I guess more of the 1993 appeal, I can't address it, but they argue, oh, it requires a graphical representation. So then in the reply we say, no, the claims don't require a graphical representation. But even if they did, that would have been obvious. And then they don't re-raise that graphical representation argument on appeal, but they say, oh, the reply now says it was obvious and not actually present. Well, originally we said it was present if it doesn't require a graphical representation. And then on the reply we said, well, even if it is a graphical representation, it would have been obvious. That's not a shift in position. That's responsive to an argument that they're making in their patent owner response. One example of that. I think a lot of the, I spent a lot of time actually trying to synthesize between the two appeals what issues actually shake out. And most of them I think are resolved by looking at the patentability of the independent claims. I want to make sure in my remaining time that the panel, or that, sorry, that the court doesn't have any specific questions with respect to the independent claims that I can resolve vis-a-vis Brown and the 1992 appeal. I guess finally then turning to the motion to amend. So Judge Sully had a question about Claim 14. Claim 14 was not, dependent Claim 14 was not independently argued in either appeal by Securus below. So even if the dependency... I was asking about Claim 18. Oh, and Claim 18 is not addressed in either brief. That's what I meant. I just wanted to know if that was an issue. I noticed that that was only, it was argued in the patent owner's response, but it wasn't mentioned in the blue brief. I just didn't know what the status of that claim was, where everything else seemed to have been raised before us. Yeah, I did not see Claim 18 addressed in their briefs. Okay. Thank you. I guess Claim 14 was in respect to the impact of the motion to amend in this case. They're asking to change the dependency to Claim 14, but they don't specifically argue that the feature in Claim 14, which provides the antecedent basis for those dependent claims, they didn't independently argue that that feature is patentable below during the course of the IPR trial. When they sought to correct, they sought to file a Certificate of Correction, I think that you opposed it. What was the ground for opposing that? To have a claim be eligible for a Certificate of Correction, it needs to be a case of error from the patent office, or it needs to be, if it's an error of the patentee, I think the standard is it needs to be, it can't impact the scope of the claims, but I think almost by definition, a change in dependency changes the scope of the claims, and we didn't think that a Certificate of Correction would have been an appropriate vehicle for correcting the claims. And this was an error. You're well past your time, so wrap up. I have nothing further. The error was there from the beginning, as far as we can tell, that was not an error of the patent office. Anything? Thank you. I just have a few quick points to answer your question about Claim 18. I did not see it in the briefing. I do think there's the same problem below with the board's analysis, perhaps, but I did not see it in the briefing. With respect to the appendix sites, I think if you look at appendix 60, 65, 73, and 40, you'll see that the motivations to combine, especially, are lacking there, with respect to those arguments on detail and details petition. 60, 65, 73, and what was your last one? 74, I think I said. I thought you said 73 and 40, but 74. 74. Those are exemplary. I think they hit all of them, but I'm not limiting myself to those. I wanted to note that the board's decision came out before both Cutsforth and Mobile Oil.  It did what the board was doing before those decisions came out. It didn't think it was doing anything wrong. I do think that's very significant here, and it's part of the reason why the board did it. It's not surprising to me. I don't think that there's a waiver here for the failure to complain to the court about not getting an opportunity to respond. Here's why. The procedures in the IPR do not permit you to file a motion if you want to. It's not district court litigation. You have to go and you have to ask the board if you can file anything. There's no right to file a motion to strike. There's no right to file a cert reply. I think waiver, again, would be inappropriate when we didn't have a right to even file those motions. However, we did object to their slides before the oral argument. We objected to their slides. We objected to the new arguments in there. I don't believe that's in the appendix, but I believe it's true. I also know that the board, at the beginning of the oral argument, informed us that it had considered those objections and that it was not going to grant any of them, but it was going to consider what was appropriate to consider. Where's that? I don't believe that's in the appendix either, but I talked to my co-counsel, and that's my understanding of what happened. I do think there's shifting in GTL's positions with respect to its arguments from the petition and the reply. I think if you're going to argue obviousness based on one reference or based on two references and then change it to a single reference and try to work in the knowledge of the person of ordinary skill and the art, it's something they could have and should have done in the petition. Thank you very much. Thank you, counsel. The matter all stands committed. Now we go to the next object.